UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| STEVEN A. SWAN, | ) | |
| | ) | |
| | ) | |
| v. | ) | NH Criminal No. 03-36-PB-1 |
| | ) | NH Civil No. 01:06-404-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION AND ORDER DENYING MOTION TO BAR**

Steven Swan has brought a 28 U.S.C. § 2255 motion challenging his convictions on eighteen tax-fraud-related counts.[1] After a jury trial in which he proceeded with stand-by counsel, Swan took a direct appeal to the First Circuit and the appellate court rejected his claims. Swan has filed a motion requesting this court bar the United States Attorney for the District of New Hampshire and one of his assistants from providing the Government's answer to his § 2255 petition. (Docket No. 24.) I now deny that motion. In his 28 U.S.C. § 2255 motion Swan presses four claims. The United States has filed a memorandum objecting to Swan's motion. I now recommend that the Court deny Swan 28 U.S.C. § 2255 relief for the reasons that follow.

*DISCUSSION*

*The Motion to Bar the U.S. Attorney and His Assistant from Responding to the 28 U.S.C. § 2255 Motion*

On February 20, 2007, Swan filed a motion to bar the U.S. Attorney and his assistance from responding to his 28 U.S.C. § 2255 motion. This motion was based upon

---

[1] This case has been transferred to the District of Maine because all the judges in the District of New Hampshire have recused themselves.

Swan's assertion that the United States Attorney and his assistant had "perpetrated numerous frauds upon this Court and the Circuit Court of Appeals for the First Circuit." On March 13, 2007, before the response time had run on the motion, I entered a number of orders on routine pending motions including an in forma pauperis motion and a motion for appointment of counsel. I did not rule on this particular motion as it appeared to be closely related to the grounds of the § 2255 motion and I was not yet familiar with the facts underlying this claim. The Government has never responded to this particular motion, but in the absence of an order barring them from filing an answer, the United States Attorney and his assistant named in the motion have quite properly filed the Government's response to Swan's § 2255 motion. While the Government has never directly responded to the motion to disqualify, I am now satisfied that there is nothing in this record that would justify this court entering an order barring the United States Attorney for New Hampshire or his assistant from representing the Government in this case and I have accordingly denied the motion.

*First Circuit's Opinion on Swan's Direct Appeal*

Swan submitted a forty-one page appellant memorandum, plus a nine-page appendix, to the First Circuit Court of Appeals. He raised four substantive grounds: 1) The district court erred by denying his motions for judgments of acquittal; 2) the district court erred by rejecting his arguments regarding his belief that he was being selectively/vindictively prosecuted; 3) the district court judge was biased; and 4) the district court erred in not dismissing the charges against Swan because the federal income

tax is not imposed in accordance with the intent of the Sixteenth Amendment of the United States Constitution.[2]

The First Circuit ruled:

> After carefully considering the briefs and record on appeal, we affirm the judgment below.
>
> The appellant argues that the government failed to produce sufficient evidence to allow a reasonable jury to conclude that he acted willfully. A willful violation is a voluntary, intentional relinquishment of a known legal duty. Cheek v. United States, 498 U.S. 192 (1991). An error arising from a bona fide misunderstanding of the Tax Code is not willful, but an error arising from a constitutional or philosophical objection is willful. Cheek, 498 U.S. at 205-206, 111 S.Ct. 604. The appellant argues that he sincerely believed that the Tax Code was unconstitutional. This is just the sort of argument that Cheek precludes. United States v. Bonneau, 970 F.2d 929 (1st Cir.1992). In any event, he makes no showing that a reasonable jury could not have found that he knew his tax obligations and intentionally renounced them. United States v. Campbell, 268 F.3d 1 (1st Cir.2001).
>
> The appellant also argues that the court should have dismissed the charges on the ground of selective prosecution. He shows no error. To prevail on a selective prosecution claim, he would have to show, inter alia, that he was singled out for prosecution for impermissible reasons. United States v. Graham, 146 F.3d 6 (1st Cir.1998). Minimally, his criminal investigation began before the speech that he alleged triggered his prosecution. United States v. Serafino, 281 F.3d 327 (1st Cir.2002).
>
> Finally, the appellant fails to show that his tax liabilities violate the Sixteenth Amendment. The amendment eliminated apportionment. Quijano v. United States, 93 F.3d 26 (1st Cir.1996). The appellant points to nothing in its plain language or other law that supports his position. Edwards v. Cuba R. Co., 268 U.S. 628 (1925).
>
> The appellant's remaining arguments are either not properly before us or insufficiently developed. In the light of this decision, the appellant's remaining pending motions are denied.

United States v. Swan, No. 04-2078, 2006 WL 1846112, *1 (1st Cir. July 6, 2006).

*Swan's 28 U.S.C. § 2255 Claims*

---

[2] Swan also preserved a sentencing argument based on the issue raised by the grant of cert in Blakely v. Washington, 542 U.S. 296 (2004), a case decided the day that Swan was first sentenced. The district court withdrew its judgment upon the issuance of Blakely and Swan was re-sentenced under the Blakely paradigm. As discussed below, Swan continues to press an argument – now relying on post-Blakely precedents -- that it was impermissible for the court to make relevant-conduct/loss findings. The First Circuit's opinion makes no mention of this "preserved" sentencing argument.

In his 28 U.S.C. § 2255 motion Swan advances four claims and all four of these claims were claims that Swan could have raised in his direct appeal. First, Swan charges the trial judge with infringing his Sixth Amendment right to counsel when he addressed the question of whether Swan's stand-by counsel could/should represent Swan in the sentencing phase. Second, Swan argues that the Government was complicit in convincing Swan that the tax protestor Irwin Schiff's view that he could stop paying income tax could be followed with impunity because the Government allowed Schiff to remain in business for several years.[3] Third, Swan contends that the Government violated his due process rights when it obtained an overly vague indictment and the trial judge violated his due process rights when it denied Swan's motion for a bill of particulars. And, Fourth, Swan urges that the jury instruction in his case was faulty because it instructed that Swan's views about the invalidity/unconstitutionality of the tax laws were not a defense to the charged crimes.

Swan's 28 U.S.C. § 2255 claims are subject to summary dismissal because they were claims that could have and should have been raised on his direct appeal. In order to obtain collateral relief under 28 U.S.C. § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). A § 2255 movant is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made and/or which were not presented on direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998); Frady, 456 U.S. at 167-68; Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Swan's only attempt to demonstrate cause and prejudice for his

---

[3] Swan also faults the trial judge for not granting his motions aimed at dismissal of the indictment based on this complicity.

4

failure to raise these grounds on direct appeal is the page limitation on briefs imposed by the First Circuit. Standing alone, this page limitation does not demonstrate cause for the procedural default, see cf. Seymour v. Walker, 224 F.3d 542, 551 (6th Cir. 2000); Meuller v. Angelone, 181 F.3d 557, 585 (4th Cir. 1999); Hill v. Norris, 96 F.3d 1085, 1087-88 (8th Cir. 1996), and clearly goes no way towards demonstrating that Swan is actually innocent of the crimes of conviction or that there has been a miscarriage of justice, see Bousley, 523 U.S. at 622; Frady, 456 U.S. at 167-68.

I do not think it is necessary to set forth an in-the-alternative discussion of the underlying merits of Swan's 28 U.S.C. § 2255 claims, except to say that I am confident that even if the court were to reach the merits Swan is not entitled to 28 U.S.C. § 2255 relief. I add only, that, as to his first ground – the courts alleged denial of standby counsel for sentencing -- Swan indicates on his form 28 U.S.C. § 2255 motion that he indirectly raised this claim in his direct appeal. The United States gives rather lengthy attention to this claim, assuming that Swan adequately raised this claim in his appeal and argues that Swan is barred from re-litigating this claim in the habeas petition. (Gov't Obj. at 12-17.)   It also recognized that if this court disagreed that Swan had raised it that it would be subject to a Frady procedural default dismissal along with the other claims. (Id. at 13 n.3.) In his reply memorandum Swan explains:

> I did not raise this issue independently in my direct appeal of my conviction and sentence, I only raised it as an example (among others) of what I believed to be the Court's bias against me during my prosecution.
> I did not raise this as an independent issue because the appellate court failed to rule on my motion for an order to the district court to correct the record to reflect the fact that the trial court had denied me the assistance of my court-appointed standby counsel for the sentencing phase of my case. If the appeals court had granted my motion and ordered the district court to correct the record, I would have independently raised this

5

issue on direct appeal.  The Government is incorrect in its assertion that I unsuccessfully raised this issue on direct appeal.

(Reply Mem. at 1-2.)

Swan's theory apropos this claim is that the District Court orally ruled on the final day of trial that Swan could not have a standby counsel arrangement for purposes of sentencing but would need to proceed pro se or accede to the appointment of counsel to fully represent him apropos the sentencing process.  (Sec. 2255 Mot. at 15.)  Swan stresses that the judge gave him ten days to decide how to proceed in view of the judge's "ultimatum."  (Id. at 15, 17.)  The transcript of this exchange is as follows:

> The Court: I guess the question I have for you is, do you want to reconsider your decision to represent yourself at sentencing? Sentencing is a highly legal, highly structured process in which it would be strongly in your interests to have somebody involved who is familiar with the laws that apply to sentencing, in particular the Sentencing Guidelines. I would ask you to reconsider your decision to represent yourself at sentencing and to accept counsel's advice on that and to allow counsel to represent you at your sentencing hearing.
> Mr. Swan: I'd like to look into the matter a little. I haven't really been thinking that far ahead at this point.
> The Court: All right. Well, I'll give you a week to think about it, okay? If you do have [your stand-by counsel] represent you, you need to notify us within a week. Again, my strong advice, as ... has been the advice of everyone whom you've spoken to, is that you should be represented by counsel. It is in your interests, in our view, to have you represented by counsel. Counsel is more knowledgeable, more capable, more effective at representing your interests than you are, in our judgment. But you have up to now elected to represent yourself, as was your right to do, and if you want to continue to represent yourself, you have that right, but I'm simply telling you I would give you a one-week period to reassess that. If you want [your stand-by counsel] to represent you, I'll appoint him to represent you here on out in the sentencing process.

(Feb. 12, 2004, Tr. at  82-83.)

Swan maintains that he clearly recalls the judge making a ruling that he could not proceed with a standby counsel arrangement and that somehow this transcript was altered

6

– either inadvertently or intentionally – to remove the complained-of ruling.  (Sec. 2255 Mem. at 17; Reply Mem. at 2; Swan Aff. ¶ 2.)  He opines:  "As evidence that [the trial judge] had, in fact, made such a ruling, I have my own recollection that he made it; there is [defense counsel]'s recollection  that he made it; there is the fact that he gave me an ultimatum, which he would not have done if he had not made it."  (Sec. 2255 Mem. at 17.)  Swan speculates that the reason that the court attempted to persuade him to proceed through the sentencing with appointed counsel is that the judge realized that he had made an erroneous ruling that standby counsel could no longer assist him, adding that the reason that the court and the Government wanted him to accept appointed counsel was because counsel "could be much more easily controlled, intimidated, and manipulated by the Court than could a pro se litigant such as myself, and thus make their respective jobs easier."  (Reply Mem. at 3.)  The First Circuit denied Swan's motion to correct the record, I can only assume because it did not believe there was any merit to Swan's altered-transcript claim.  The bottom line is that there is no reason for this court to revisit the claim, whether it is deemed procedurally defaulted or previously litigated.

### *Swan's Cunningham v. California and Rita v. United States Addenda*

Swan has filed two supplementations to his 28 U.S.C. § 2255 motion, the first (Docket No. 18) relying on Cunningham v. California, 549 U.S. __ , 127 S. Ct. 856 (2007) and the second (Docket No. 33) relying on Rita v. United States, __U.S. __, 2007 WL 1772146 (June 21, 2007).  Swan stresses that he has at all time preserved his challenge to his sentence, based on the growing line of Apprendi-spawned precedent.

At his second sentencing hearing the District Court carefully considered the impact of Blakely on Swan's sentence.  The judge concluded that it was appropriate for a

district court to decide whether or not <u>Blakely</u> applied to the federal sentencing guidelines. (July 21, 2004, Tr. at 7-17.) The United States took the position that <u>Blakely</u> should not apply to the guidelines --distinguishing it from the state legislative scheme at issue in <u>Blakely</u> -- and argued that Swan should receive the same 108-month sentence that the court originally imposed. (<u>Id.</u> at 17-25.) The District Court then concluded that <u>Blakely</u> did apply to the federal sentencing guidelines and moved to consideration of whether or not the <u>Blakely</u>-infringing guidelines were severable. (<u>Id.</u> at 27-43.) The Court concluded "that the guidelines are not severable and that those guidelines in this case cannot be applied in sentencing Mr. Swan, are part of an interrelated whole, and that if they can't be applied, then no provisions of the guidelines can be applied." (<u>Id.</u> at 43.) The Court determined that it must "simply sentence the defendant within the statutorily prescribed maximum sentence for his offense using the guidelines as guidelines." (<u>Id.</u> at 44.)

   The District Court then reflected that it did not think that the sentence of 108-months was required, when using the guidelines as advisory, to punish Swan or for general deterrence. (<u>Id.</u> at 52-53.) It arrived at a new, lesser sentence of seventy-two months. (<u>Id.</u> at 53, 56-57.) It reasoned that the upward adjustments required under the pre-<u>Blakely</u> sentencing scheme "worked together in a way that produced a result that was more serious than it should have been." (<u>Id.</u> at 56.) In response to the Government's objection, the Court made it clear that it was considering the guidelines in arriving at this result and exercising its discretion, remarking that it would be disingenuous to represent that it was exercising its discretion but then blindly, rigidly follow the guidelines. (<u>Id.</u> at

59.)  At this hearing Swan maintained, as he maintains now, that he could only be sentenced to the base offense level of zero to six months.  (Id. at 51, 61.)

The District Court judge re-sentenced Swan under a theory that the federal sentencing guidelines should be treated as advisory and this is consistent with the holding of Booker.  Cunningham extended to California's determinant sentencing law the Supreme Court's decisions instructing that "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant."  Cunningham, 127 S. Ct. at 860 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. 296(2004), and United States v. Booker, 543 U.S. 220 (2005)).  The Rita majority recognized a presumption that a sentence within the guidelines is reasonable, answering a question about the proper standard of appellate review.  Rita, 2007 WL 1772146, at 9 -10.  Cunningham and Rita are niche outgrowths of Apprendi/Ring/ Blakely/ Booker precedents but they do not provide a basis for revisiting Swan's Booker-compliant sentence.

### *Conclusion*

For the reasons set forth above,   I recommend that the Court **DENY** Swan 28 U.S.C. § 2255 relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 5, 2007.                                                    /s/Margaret J. Kravchuk
                                                                 U.S. Magistrate Judge